UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LUZ E. GONZALEZ, :
:
        Plaintiff : No. 3:15-CV-2131
:
vs. : (Judge Nealon)
:
CAROLYN W. COLVIN, Acting :
Commissioner of Social Security, :
:
        Defendant :

FILED
SCRANTON
APR - 4 2016
Per_____
DEPUTY CLERK

## MEMORANDUM

### I. Background

On November 9, 2015, Plaintiff, Luz E. Gonzalez, filed this instant appeal[1] under 42 U.S.C. § 405(g) for review of the decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI")[2] under Titles II and XVI of the Social Security Act, 42 U.S.C. § 1461, et seq and U.S.C. § 1381 et seq, respectively. (Doc. 1). On February 12, 2016, Defendant filed a motion to dismiss and brief in support, which are presently pending before this

---

1. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D. Pa. Local Rule 83.40.1.

2. Supplemental security income is a needs-based program, and eligibility is not limited based on an applicant's date last insured.

Court. (Docs. 10 and 11). Defendant filed a response on February 19, 2016. (Doc. 12). The motion is fully briefed and ripe for disposition. For the reasons set forth below, the Court will grant the motion to dismiss.

## II. Standard of Review

### Motion to Dismiss

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir.2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir.1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests."

2

Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir.2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130–31 (3d Cir.2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (1009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir.2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002); Shane v.

Fauver, 213 F.3d 113, 116–17 (3d Cir.2000).  "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245 (citation omitted).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  The preclusive effect given to prior adjudications under the doctrine of *res judicata* "is not a mere matter of 'practice or procedure' but 'a rule of fundamental and substantial justice.'" EEOC v. U.S. Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990) (quoting Hart Steel Co. v. Railroad Supply Co., 244 U.S. 294, 299 (1917).  "*Res judicata* avoids 'the expense and vexation attending multiple law suits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" Id. (quoting, Montana v. United States, 440 U.S. 147, 153-54 (1979)).

### III. Discussion

Defendant filed a motion to dismiss the claim based on the doctrine of *res judicata* due to the fact that Plaintiff had previously litigated an appeal on an identical denial of DIB and SSI, which was dismissed by the Honorable Richard P. Conaboy on October 29, 2015.  (Doc. 11, Exhibit 3).

*Res judicata* comprehends both "claim preclusion" and "issue preclusion." Migra v. Warren City Sch. Dist. Bd. Of Educ., 465 U.S. 75, 77 n. 1 (1984). Claim preclusion "applies to all claims actually brought or which could have been brought in a prior action regardless of whether they were asserted or determined in the prior proceeding." Inofast Mfg., Inc. v. Bardsley, 103 F. Supp. 2d 847, 849 (E.D. Pa. 2000), aff'd mem., 265 F.3d 1055 (3d Cir. 2001). Issue preclusion, also known as collateral estoppel, "bars relitigation only of an issue identical to that adjudication in the prior action." Bradley v. Pittsburgh Bd. Of Educ., 913 F.2d 1064, 1070 (3d Cir. 1990). The party asserting claim preclusion must establish "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Inofast, 103 F. Supp. 2d at 849; see also Napier v. Thirty or More Unidentified Federal Agents, 855 F.2d 1080, 1086 (3d Cir. 1988).

In the case at hand, each requirement for claim preclusion is present. Plaintiff has had previous opportunities to litigate his claims regarding an identical denial of DIB and SSI benefits. (Doc. 11, Exhibit 3). The proper forum for appealing these claims is not to again raise them in this court. The rule is that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573,

574 (10th Cir.1997) (quotation marks and alteration omitted). Here, the instant suit is clearly repetitious of an identical prior action filed by Plaintiff, as set forth supra. As such, the present suit should be dismissed as malicious pursuant to 28 U.S.C. § 1915.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion to dismiss (Doc. 10) will be granted.

A separate Order will be issued.

Dated: March 31, 2016 /s/ William J. Nealon
**United States District Judge**